The opinion of the Court was delivered by
Mr, Justice Cheves.
The action of assumpsit consists of two forms. 1. Where the plaintiff* sets forth the agreement, *76 for the breach of which he complains specially and declares, as it’ is technically termed, on a special assumpsit; and such is the character of plaintiff’s pleadings, in the two first counts of his declaration. 2d. The general form of indebitatus assumpsit, of which the third count in the plaintiff’s declaration is an example. (1 Selwyn, 80.) The latter was the form of action in Weston vs. Downs, and in Fowler vs. Williams. When this is the form of action, the plaintiff does not maintain his suit by proving the falsification of the warranty alleged, unless he also prove the contract be rescinded. To rescind the contract, it is necessary, as a general 11 not universal rule, that the property warranted be re-delivered to the seller. It would seem, according to the English authorities, and I am not aware that our own áre different, that the assent of the defendant, as well as that of the plaintiff, is necessary to the recision of a contract. F or where the defendant sold a horse to the plaintiff, with a warranty of soundness, and the horse proved unsound, the plaintiff tendered a return of the horse, but the defendant refused to take him back, and an action for money had received having been brought, it was holden that it would not lie. (1 Selwyn, 112. Power vs. Wells. Cowp. 818. Doug. 24.) So in Weston vs. Downs, there was a tender and refusal ; and such seems also to have been the principle of Fowler vs. Williams, which was precisely the same case as Power vs. Wells, except that there *77 was no tender, but the horse was dead; and the Court, in that case, where a return of the property or a tender was impossible, determined, and 1 think on principle, that the action for money had and received could not be maintained. The only remedy is on the special agreement, and this is an adequate one.
cort™t?u“sdne-to property be re-6e)ler-
*77 The case before us, therefore, could not have been sustained on the third count of the declaration, without a return of the property; and if there had been no other count in the declaration, the nonsuit on this ground would have been proper. But it is also very clear that the nonsuit was unauthorized under the two first counts in the declaration, and on this ground ought to be set aside. But the presiding Judge reports that there was no proof of the breach of warranty, and therefore, though the action was well brought, the nonsuit must be sustained.
Grimké, ColcocJc, JYott, and Johnson, J. concurred.